IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANGELA BANEGAS, individually and on
behalf of all others similarly-situated,

    Plaintiff,

v.

                                   Case No. 0:16-cv-61617-DPG

THE PROCTER & GAMBLE COMPANY,
an Ohio corporation

    Defendant.

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT
PENDING DEFENDANT'S MOTION TO TRANSFER OR STAY**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Defendant The Procter & Gamble Company ("P&G") respectfully moves this Court for an extension of its deadline to answer, move, or otherwise respond to Plaintiff's Complaint (ECF No. 1). P&G requests that this deadline be extended until fourteen days after the Court rules on P&G's Motion to Transfer or, in the Alternative, to Stay in Favor of First-Filed Action. In support of this motion, P&G states as follows:

1. Plaintiff Angela Banegas ("Banegas") has brought the present putative class action complaint on behalf of a nationwide class against P&G, alleging that the Pampers "Natural Clean" wipes were deceptively advertised because Banegas believed that "Natural Clean" meant that the wipes would contain no synthetic ingredients.

2. P&G's deadline to respond to Banegas' Complaint is September 14, 2016.

3. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b). "[A]n application for extension of time

under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice & Procedure § 1165 (2015).

4. Almost a month before Banegas filed her Complaint, in the Central District of California, Veronica Brenner brought a nearly identical putative class on behalf of a nationwide class against P&G, alleging that the Pampers "Natural Clean" wipes were deceptively advertised because she believed that "Natural Clean" meant that the wipes would contain no synthetic ingredients. Complaint, *Brenner v. The Procter & Gamble Company*, No. 8:16-cv-1093 (C.D. Cal. June 13, 2016) (attached as Exhibit 1 to P&G's Motion to Transfer or Stay).

5. "The Eleventh Circuit follows the first-to-file rule, and '[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit.'" *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1298-99 (S.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)).

6. P&G has moved to transfer or stay this proceeding in favor of the first-filed lawsuit in the Central District of California.

7. In the event that this Court transfers this action to the Central District of California, the parties and the court would benefit from having any Rule 12 motion and opposition written pursuant to the Central District of California's Local Rules, focusing on Ninth Circuit authorities. However, in the event that this Court does not transfer this action, the parties and the Court would benefit from having such papers written pursuant to the Southern District of Florida's Local Rules, focusing on Eleventh Circuit authorities.

8. In the event that this Court stays this action pending the resolution of the first-filed action, then the Court would not need to decide any Rule 12 motion until after the resolution of the action in the Central District of California.

9. P&G makes this request in good faith and not for the purpose of undue delay.

10. P&G hereby reserves and does not waive any jurisdictional, affirmative, or other defenses.

WHEREFORE, for the reasons stated herein, P&G respectfully requests this Court to enter an order granting the requested extension of time, providing that P&G's response to the Complaint is due fourteen days after the Court decides P&G's Motion to Transfer or Stay.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated:  August 25, 2016                     Respectfully submitted,

By:   /s/Douglas C. Dreier
Samuel A Danon (Florida Bar No. 892671)
Douglas C. Dreier (Florida Bar No. 104985)
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, FL  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
Email:  sdanon@hunton.com
Email:  ddreier@hunton.com

Ann Marie Mortimer (*pro hac vice*)
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, CA  90071
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020
Email:  amortimer@hunton.com

*Counsel for Defendant The Procter & Gamble Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 25, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which effected service on counsel of record for Plaintiff Angela Banegas.

**Law Office of Joseph Pustizzi, P.A.**
Joseph M. Pustizzi
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Telephone: (954) 241-4244
E-mail: *joseph@pustizzilaw.com*

**The Fraser Law Firm, P.C.**
Michael T. Fraser, Esq.
4120 Douglas Blvd, Suite 306-262
Granite Bay, CA 95746
Telephone: (888) 557-5115
Facsimile: (866) 212-8434
E-mail: *mfraser@thefraserlawfirm.net*

**BLOOD HURST& O'REARDON, LLP**
Timothy G. Blood
Leslie E. Hurst
Jennifer L. McPherson
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619)338-1100
E-mail: *tblood@bholaw.com*
E-mail: *lhurst@bholaw.com*
E-mail: *jmacpherson@bholaw.com*

  /s/  Douglas C. Dreier
    Douglas C. Dreier