UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-61617-GAYLES/Turnoff

**ANGELA BANEGAS**, individually and
on behalf of all others similarly-situated,

    Plaintiff,

v.

**THE PROCTER & GAMBLE
COMPANY**, an Ohio corporation,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Transfer or, in the Alternative, to Stay in Favor of First-Filed Action ("Motion") [ECF No. 17]. The Court has considered the Motion, Plaintiff's Response [ECF No. 23], Defendant's Reply [ECF No. 26], the record, and the applicable law. A hearing was held on September 28, 2016. For the reasons that follow, the Court grants the Motion and orders the case transferred.

Defendant Procter & Gamble Company ("P&G") has moved to have this case transferred pursuant to the first-to-file rule. "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The Eleventh Circuit "require[s] that the party objecting to jurisdiction in the

1

first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

Here, it is clear that transfer is warranted. A putative national class action lawsuit ("*Brenner* lawsuit")[*] involving the same issues as those asserted by Plaintiff Angela Banegas ("Banegas") here was filed in the Central District of California, Santa Ana Division, on June 13, 2016—twenty-four days prior to Banegas's filing of the instant putative national class action lawsuit on July 7, 2016. Even if the Court were the apply the date of the pre-suit demand letter in each case, the plaintiff in the *Brenner* lawsuit sent her pre-suit demand on April 15, 2016, and Banegas sent her pre-suit demand one week later on April 22, 2016. Both the *Brenner* lawsuit and the instant lawsuit are brought on behalf of a nationwide class against P&G regarding the same product—the "Natural Clean" product line to the Pampers brand. The issues to be addressed by the court in each lawsuit are essentially identical—claims of unjust enrichment, breach of express warranty, and state consumer protection law violations. The only difference is the application of California versus Florida substantive law, the determination of which shall be left to the Central District of California as the cases proceed. The nationwide classes of the instant action and the *Brenner* lawsuit will be subsumed by one another if the Central District of California ultimately grants class certification in either case.

The Court does not find any "compelling circumstances" to warrant an exception to the first-filed rule. As stated at the hearing, Banegas does not assert that P&G acted in bad faith in its pre-suit negotiations in an attempt to delay her filing of the instant lawsuit. Rather, the Court finds sufficient cause to transfer the case, especially given the likelihood of unnecessary

---

[*] *Brenner v. The Procter & Gamble Company*, No. 8:16-cv-1093 (C.D. Cal.).

duplication of litigation for the parties, the danger of inconsistent rulings, and the interests of sound judicial administration and judicial economy for the federal court system.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Defendant's Motion to Transfer **[ECF No. 17]** is **GRANTED** and the case is **TRANSFERRED** to the United States District Court for the Central District of California, Santa Ana Division; and

(2) This case is **CLOSED** for administrative purposes, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record